OREGON, The (NAUNTON v.). See Case No. 10,057.

OREGON, The (STURGIS v.). See Case No. 13,577.

---

## Case No. 10,554.

OREGON & W. TRUST INV. CO. v. RATH-BURN et al.

[9 Chi. Leg. News, 377; 4 Law & Eq. Rep. 254.[1]]

Circuit Court, D. Oregon. July 16, 1877.

SUIT IN EQUITY TO FORECLOSE A MORTGAGE—CONTRACTS—LEX LOCI.

1. Where a foreign corporation loans money to an inhabitant of Oregon through the intervention of an agent resident in Oregon, subject to the approval of the corporation at its home office, the contract of loan is made in Oregon; and unless such corporation had complied at the time with the laws of Oregon concerning foreign corporations doing business therein, it is void.

2. Where the notes given for such loan are made payable to such corporation at its office in Scotland, so far as the performance of the contract is concerned, including the rate and payment of interest, its validity is to be tested by the law of the place of performance, as if made there; and this rule is not affected by the fact, that a mortgage was given on real property in Oregon to secure the payment of said notes.

[This was a bill in equity by the Oregon & Washington Trust Investment Company against John A. Rathburn and others to enforce the lien of a mortgage.]

Ellis G. Hughes, for plaintiff.
Julius C. Moreland, for defendants.

DEADY, District Judge. This cause was heard on bill and answer. Giving full effect to the denials and statements of the answer, it appears that the plaintiff is a foreign corporation, having its principal place of business in Dundee, Scotland, and had not, at the date of the transactions involved in this suit, complied with the laws of Oregon requiring a foreign corporation, before doing business in this state, to appoint an attorney authorized to receive service of all process in actions against such corporation (see Laws Or. 1864, p. 617, §§ 7, 8); that in 1874 the defendant Rathburn negotiated a loan of $10,000 with the agent of the plaintiff at Portland, and gave his promissory notes therefor, payable to the plaintiff, with interest, at Dundee, together with a mortgage of certain premises situate in Multno-

[1] [4 Law & Eq. Rep. 254, contains only a partial report.]

mah county, executed by himself and wife, to secure the payment of the same; that the notes and mortgage were delivered to said agent, at Portland, who thereupon delivered to the defendant Rathburn, at the same place, the sum of $9,800 and no more. Default being made in the payments of the notes, this suit was brought to foreclose said mortgage and subject the mortgaged premises to sale for the purpose of satisfying the same. Upon these facts, the defendant maintains that the contract of loan is void because (1) it was made in Oregon, contrary to the law of the state; and (2) it is usurious by the same law. On the contrary, the plaintiff maintains that the contract was made in Scotland, to be performed there, and being valid there, is valid here.

On the facts stated, I am of the opinion that the contract between the plaintiff and defendant Rathburn was made in Oregon, the former acting through its agent at Portland. If the defendant had gone to Dundee to procure the loan, or had obtained it through his agent there, the case would have been otherwise. But this transaction took place as a matter of fact in this state, although it may have been done subject to the approval of the corporation in Dundee. The validity of the contract, so far as the same depends upon the manner of its execution or the capacity of the parties to it to make the same, is to be tested by the law of the place where made,—the lex loci contractus. 2 Kent, Comm. 459. In Re Comstock [Case No. 3,078], it was held by the district court of this district that a foreign corporation had no power to make a contract in this state until it had complied with its laws upon that subject. The contract of loan being invalid, the plaintiff is not entitled to the relief sought.

The fact that this contract is to be performed in Dundee,—that is, that the notes were to be paid there,—does not make it a contract formed or entered into in Scotland. So far as the payment of the notes is concerned, including the rate and payment of interest thereon, the contract is for that reason to be tested by the laws of Scotland. The parties having provided that this contract should be performed in Scotland, so far as such performance is concerned it is to be governed by the laws of the place of performance, as if made there. Andrews v. Pond, 13 Pet. [38 U. S.] 77. And the fact that the performance of the contract was secured by a mortgage upon real property in this state does not affect the question. De Wolf v. Johnson, 10 Wheat. [23 U. S.] 383. The mortgage is considered a mere incident or accessory of the debt, to be governed by the law applicable to the principal contract. Storey, Confl. Laws, § 304.

Admitting then, for the purposes of this case, that judged by the laws of Oregon this transaction would be usurious, because the sum actually loaned was $200 less than the

sum expressed in the notes, it would not be void on that account. It, must appear that the contract is usurious by the law of the place of its performance,—the law of Scotland,—and therefore void.

[NOTE. On motion of the complainant, a rehearing was allowed by the district judge, and it was held that the mortgage was invalid if made contrary to the laws of Oregon. It was then suggested by counsel for complainant that sections 8 and 9 of the act of Oregon of October 21, 1864, did not apply to complainant or any foreign corporation, except those mentioned in the title of the act, and it was therefore ordered that the cause be reargued before the district judge upon that question. Case No. 10,555.]